UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 16-21446-CIV-SEITZ/TURNOFF

COLLEEN BLAIR, ET AL.,

        Plaintiff,

vs.

NCL (BAHAMAS) LTD., ET AL.,

        Defendant.
_____/

## ORDER GRANTING IN PART MOTION TO DISMISS AMENDED COMPLAINT

THIS MATTER is before the Court on Defendant's Motion to Dismiss Plaintiff's Amended Complaint [DE-24]. This action arises from the drowning and near-drowning of two children aboard Defendant NCL (Bahamas) Ltd.'s ship. Plaintiff, Colleen Blair, is the mother of the two children and another child who witnessed the events. Plaintiff has sued NCL (Bahamas) Ltd. ("NCL") and the ship's medical personnel in a nine count Amended Complaint.[1] NCL is a defendant in all counts except Counts IV and V, which are exclusively against the medical personnel defendants. NCL now seeks to dismiss all counts against it pursuant to Federal Rule of Civil Procedure 12(b)(6). While the Death on the High Seas Act is the exclusive remedy for Plaintiff's child's death, the Act does not preclude Plaintiff's separate emotional distress claims. However, for the reasons set forth below, Plaintiff's intentional infliction of emotional distress claims (Count VI) are dismissed without prejudice, Plaintiff's negligent infliction of emotional distress claims brought on behalf of herself and her child not directly involved in the incident (Counts IX and XI) are dismissed with prejudice, and the allegations of non-pecuniary damages

---

[1] Due to an apparent numbering error, the Amended Complaint contains Counts I, II, III, IV, V, VI, IX, X, and XI. There is not a Count VII or VIII. The Court will refer to the counts by the numbers Plaintiff used.

Plaintiff incurred are stricken from Counts I, II, and III as irrelevant.

## I. The Amended Complaint

Plaintiff, Colleen Blair brings this action on behalf of herself, individually; as personal representative of the estate of her deceased minor child, K.A.B.; and as parent and guardian of her two surviving minor children, K.B. and B.B. In May 2015, Plaintiff and her three children were passengers aboard NCL's ship, the Norwegian Gem.

While on board, Plaintiff and the children went to one of the ship's pools. Plaintiff briefly lost sight of K.A.B. and B.B. while they were in the pool. (Am Compl. ¶20.) The next thing she knew, Plaintiff's children K.A.B. and B.B. were being pulled out of opposite ends of the pool by other passengers. (*Id.*) K.A.B.'s body was lifeless and passengers began yelling for medical equipment and staff. Approximately 10 minutes after the drowning occurred, a bag of medical equipment arrived on the scene. However, the bag lacked proper and/or working medical equipment to aid in the resuscitation efforts of K.A.B. The bag contained a suction device that did not work and by the time NCL medical personnel arrived on the scene, nearly 15 minutes after K.A.B. was pulled from the pool, it was too late to use the automated external defibrillator because K.A.B. no longer had a pulse. Because of the delay in NCL medical personnel arriving on scene, passengers with medical backgrounds began resuscitation attempts on K.A.B. While K.A.B. died as a result of the drowning, B.B. did not sustain any serious physical injuries. Plaintiff, B.B., and K.B. witnessed the other passengers' attempts to save K.A.B. and the death of K.A.B. (Am Compl. ¶23.)

Plaintiff maintains that NCL advertises its cruises as "family friendly" and "kid friendly." Despite this, NCL does not have lifeguards who monitor the pool area. Further, NCL does not

keep lifesaving equipment at or near the pool area in case of an emergency. Nor does NCL staff the pool area with people trained in dealing with medical emergencies.

Counts I-V are all brought pursuant to the Death on the High Seas Act ("DOHSA"). Plaintiff's first count alleges negligence against NCL. Count II alleges negligence against NCL based on a theory of respondeat superior for the alleged negligence of the medical defendants. Count III alleges negligence against NCL for the acts of the medical defendants based on apparent agency. Counts IV and V allege negligence against the medical defendants. Count VI, directed against all Defendants, is a claim for intentional infliction of emotional distress incurred by Plaintiff, B.B., and K.B. Count IX is Plaintiff's claim against all Defendants for negligent infliction of emotional distress. Count X is brought on B.B.'s behalf for negligent infliction of emotional distress against all Defendants, and Count XI is brought on K.B.'s behalf for negligent infliction of emotion distress against all Defendants.

NCL's motion seeks to dismiss all claims against it or, in the alternative, to strike certain portions of the pleading.

## II.   Motion To Dismiss Standard

The purpose of a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the facial sufficiency of a complaint. The rule permits dismissal of a complaint that fails to state a claim upon which relief can be granted. It should be read alongside Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for his entitlement to relief, and a "formulaic recitation of the elements of a cause of

action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

When a complaint is challenged under Rule 12(b)(6), a court will presume that all well-pleaded allegations are true and view the pleadings in the light most favorable to the plaintiff. *American United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007). However, once a court "identifies pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," it must determine whether the well-pled facts "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint can only survive a 12(b)(6) motion to dismiss if it contains factual allegations that are "enough to raise a right to relief above the speculative level, on the assumption that all the [factual] allegations in the complaint are true." *Twombly*, 550 U.S. at 555. However, a well-pled complaint survives a motion to dismiss "even if it strikes a savvy judge that actual proof of these facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556.

## III. Discussion

NCL moves to dismiss all counts against it based on four reasons: (1) DOHSA is the exclusive remedy for the death of K.A.B.; (2) claims for non-pecuniary damages, including punitive damages, are barred by DOHSA; (3) NCL's actions were not extreme and outrageous and therefore Plaintiff cannot establish a necessary element of her intentional infliction of emotional distress claims; and (4) neither Plaintiff nor her surviving children were within the "zone of danger" and therefore Plaintiff cannot establish a necessary element of the negligent infliction of emotional distress claims. The Court will address each of these arguments.

### A. DOHSA is the Exclusive Remedy for K.A.B.'s Death But Does Not Preclude Plaintiff's Emotional Distress Claims

NCL moves to dismiss all non-DOHSA claims against it because DOHSA is the exclusive remedy available to Plaintiff to recover for K.A.B.'s death. Neither party disputes that "where a cause of action exists for wrongful death under DOHSA, no additional action exists under general maritime law for wrongful death caused by negligence." *See Ford v. Wooten*, 681 F.2d 712, 716 (11th Cir. 1982). NCL argues that all of Plaintiff's additional claims for emotional damages are based on K.A.B.'s death and are, therefore, precluded by DOHSA. Plaintiff maintains that her four emotional distress causes of action allege claims separate and apart from wrongful death. Plaintiff maintains that her emotional distress claims are not barred by DOHSA because they are for the emotional distress suffered by Plaintiff and her surviving minor children as a result of Defendants' actions, not for the emotional distress caused by K.A.B.'s death.

While it is clear that DOHSA forecloses any type of wrongful death claim, it is not as clear that it forecloses all claims for emotional distress related to a death. The authorities on this issue are limited and the Eleventh Circuit has not ruled on this issue. Two of the cases NCL relies on are inapplicable to the facts before this Court. In *Rux v. Republic of Sudan*, 495 F. Supp. 2d 541 (E.D. Va. 2007), the plaintiffs' emotional distress claims were dismissed where the plaintiffs' distress was brought on by learning of their loved ones' death aboard the U.S.S. Cole; they had not been physically present at the time and place of the deaths. Similarly, the plaintiffs' motion to amend to add a claim for emotional distress was denied in *Howard v. Crystal Cruises, Inc.*, 1992 A.M.C. 1645 (E.D. Ca. 1992), where the claim apparently was based on the emotional distress incurred as a result of a death. Thus, in both these cases, the emotional distress for

5

which the plaintiffs sought recovery was the emotional distress incurred as the result of learning of a loved one's death.

In contrast, the court in *Ostrowiecki v. Aggressor Fleet, Ltd.*, 2008 U.S. Dist. LEXIS 62713 (E.D. La. 2008), permitted the plaintiffs to proceed on their emotional distress claims because their emotional distress was not caused by the same negligent actions that caused the decedent's death. The court held that not allowing the claims to proceed would "enable defendants to escape liability for any emotional distress inflicted in the wake of a death on the high seas." *Id.* at *28. In *Smith v. Carnival Corp.*, 584 F. Supp. 2d 1343 (S.D. Fla. 2008), the court held that DOHSA did not preempt emotional distress claims. While the *Smith* court held that the plaintiffs could pursue emotional distress claims based on the same negligent actions that led to the decedent's death, the claims were dismissed with leave to replead. The *Smith* court held that DOHSA did not foreclose the plaintiffs from pursuing emotional distress claims based on the distress the plaintiffs suffered from witnessing the decedent's death. Thus, under *Smith*, the plaintiffs could pursue both a DOHSA claim and emotional distress claims based on the same negligent actions. *Martins v. Royal Caribbean Cruises, Ltd.*, 2016 A.M.C. 873 (S.D. Fla. 2016), followed *Smith* and permitted emotional distress claims to proceed based on the same negligent actions underlying the plaintiffs' DOHSA claim.

Here, unlike in *Rux* and *Howard*, it appears that Plaintiff seeks to recover for the emotional distress she and her surviving children incurred not as a result of learning of K.A.B.'s death but as the result of how NCL's actions directly affected Plaintiff and her children. Thus, the Court agrees with Plaintiff that her emotional distress claims are not *per se* barred by DOHSA. However, Plaintiff must adequately plead such claims. As set out in sections C. and

6

D. ,below, Plaintiff has failed to adequately plead most of her emotional distress claims and, accordingly, they must be dismissed.[2]

### B. DOHSA Does Not Permit Recovery for Non-Pecuniary Damages

NCL seeks to dismiss all of Plaintiff's claims for non-pecuniary damages. While Plaintiff does not dispute that DOHSA does not permit the recovery of non-pecuniary damages, Plaintiff points out that such damages are not sought in her DOHSA claims, Counts I-V. The claims for non-pecuniary damages are only contained in Plaintiff's non-DOHSA based claims, those based on intentional and negligent infliction of emotional distress. However, Plaintiff's DOHSA based claims do set out the various non-pecuniary damages allegedly suffered by Plaintiff and her children. Thus, while Plaintiff does not seek recovery of these damages in her DOHSA claims, she does allege that such damages were incurred. As a result, in the alternative, NCL seeks to strike these allegations from the pleadings as immaterial. The Court agrees that such allegations are immaterial to the DOHSA claims and, therefore, these allegations are stricken.

### C. Plaintiff's Intentional Infliction of Emotional Distress Claims Are Dismissed Without Prejudice

NCL moves to dismiss Plaintiff's claims in Count VI, brought on behalf of herself and her surviving children, for intentional infliction of emotional distress because Plaintiff has not pled facts sufficient to meet one of the elements of such a claim. In order to state a claim for intentional infliction of emotional distress, Plaintiff must plead the following elements: (1)

---

[2]Because Plaintiff has failed to adequately plead, the Court need not decide, at this point, whether to follow *Ostrowiecki*, and limit Plaintiff's claims to those arising from negligence separate and apart from the negligence that caused K.A.B.'s death, or to follow *Smith* and *Martins*, which would permit emotional distress claims arising from the same negligence that caused K.A.B.'s death.

extreme and outrageous conduct; (2) an intent to cause, or reckless disregard to the probability of causing, emotional distress; (3) severe emotional distress suffered by the plaintiff; and (4) that the conduct complained of caused the plaintiff's severe emotional distress. *Metropolitan Life Insurance Co. v. McCarson*, 467 So. 2d 277, 278 (Fla. 1985). NCL contends that Plaintiff has not pled facts sufficient to establish the first element of her claim – extreme and outrageous conduct.

To demonstrate that a defendant engaged in outrageous conduct, a plaintiff must allege facts that show that a defendant's actions were "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Metropolitan Life*, 467 So.2d at 278–79 (quoting Restatement (Second) of Torts § 46 (1965)). This is an objective determination; the subjective response of the person suffering emotional distress does not control. *Liberty Mutual Insurance Co. v. Steadman*, 968 So. 2d 592, 595 (Fla. 2d DCA 2007). Whether conduct is outrageous enough to support a claim of intentional infliction of emotional distress is a question of law, not of fact. *Id.*

Plaintiff maintains that the following circumstances, taken as a whole, amount to extreme and outrageous conduct by NCL: NCL's failure to employ lifeguards, while advertising itself as "family friendly" and "kid friendly;" NCL's failure to keep lifesaving equipment on the pool deck; NCL's failure to have staff stationed on the pool deck who are prepared for a medical drowning emergency; and the length of time it took for NCL medical personnel to arrive, approximately 15 minutes, after K.A.B. was pulled from the pool. While the consequences of these actions were heartbreaking, such conduct simply does not reach the level required for an

intentional infliction of emotional distress claim. As NCL points out, many hotel pools do not have lifeguards or medical personnel nearby. Thus, given how common it is not to have lifeguards or medical personnel at pools, their absence must be generally accepted by society. Thus, such a situation clearly does not amount to behavior "so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Furthermore, Plaintiff has not cited to any statutes or other legal authority indicating that the law requires the presence of lifeguards or medical personnel near pools. Consequently, NCL's actions do not constitute extreme and outrageous conduct. Accordingly, Plaintiff's intentional infliction of emotional distress claims, Count VI, must be dismissed. While the Court will dismiss the count without prejudice and with leave to replead, Plaintiff is cautioned that, given that she has already had two attempts to plead a claim, without significant additional facts, such a claim will fail.[3]

### D. Plaintiff's Negligent Infliction of Emotional Distress Claims Are Dismissed in Part

NCL seeks to dismiss Plaintiff's negligent infliction of emotional distress claims, Counts IX, X, and XI, because Plaintiff, K.B., and B.B. were not in the "zone of danger." In order to state a claim for negligent infliction of emotional distress a plaintiff must allege "mental or emotional harm (such as fright or anxiety) that is caused by the negligence of another and that is not directly brought about by a physical injury, but that may manifest itself in physical

---

[3] In deciding whether to amend this claim, counsel is reminded of his duty as an officer of the Court and under the Federal Rules of Civil Procedure to not engage in litigation that does not have a factual basis. The Court issues this reminder because NCL raised many of the same issues in its motion to dismiss Plaintiff's first complaint as it raises in the instant motion and the current Amended Complaint does not seem to have seriously addressed many of the problems previously raised by NCL.

symptoms." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337-38 (11th Cir. 2012) (quoting *Consolidated Rail Corp. v. Gottshall*, 512 U.S. 532, 544 (1994)). While different jurisdictions have adopted different standards for what sort of harm a plaintiff must suffer, federal maritime law has adopted the "zone of danger" test which allows recovery if a plaintiff sustains a physical impact or is placed in immediate risk of physical harm by a defendant's negligent conduct. *Chaparro*, 693 F.3d at 1338; *Consolidated Rail*, 512 U.S. at 547-48. NCL maintains that, based on the allegations in the Amended Complaint, Plaintiff, K.B., and B.B. were not in the zone of danger because their emotional distress arose from witnessing the efforts to save K.A.B. and witnessing the passing of K.A.B., not from any fear for their own safety.

Plaintiff maintains that she and her surviving children were all within the zone of danger. Plaintiff also urges that the law be changed and the Court apply the "relative bystander" test, not the zone of danger test. The Court, however, is bound by the rulings of the Eleventh Circuit, which, as set out above, has made clear that the applicable test is the zone of danger. Thus, until the Eleventh Circuit instructs differently, the Court will apply the zone of danger test and Plaintiff may raise this issue with the Court of Appeals.

As to Plaintiff and K.B., Plaintiff argues that the zone of danger was the subject pool and the area immediately surrounding the pool because Plaintiff and K.B. were exposed to the risk of physical harm based on the lack of a lifeguard. At the time of the incident, Plaintiff and K.B. were sitting in the area immediately adjoining the pool. According to Plaintiff's response to the instant motion, once they saw K.A.B. and B.B. drowning in the pool, Plaintiff and K.B. had to make a decision as to whether to put their own lives at risk in order to save K.A.B. and B.B. There are two problems with this argument. First, according to the Amended Complaint (¶20),

Plaintiff did not see either K.A.B. or B.B. drown or go under the water – she momentarily lost sight of them and then saw them being pulled out of opposite ends of the pool. Thus, contrary to her arguments in response to the motion to dismiss, neither Plaintiff nor K.B. had to make a decision as to whether to get into the pool. Second, given that neither Plaintiff nor K.B. ever left the pool deck area and got into the pool themselves, they were in no immediate risk of physical harm based on NCL's failure to employ lifeguards. Further, because neither Plaintiff nor K.B. needed medical attention, they were never in fear for their safety as a result of the alleged negligence relating to the delayed and inadequate medical care provided. Consequently, Plaintiff's claims for negligent infliction of emotional distress brought on behalf of herself and K.B. are dismissed. Because Plaintiff and K.B. never entered the pool during the drowning or resuscitation efforts and never needed medical attention, their claims, Counts IX and XI, are dismissed with prejudice.

    B.B., who was pulled out of the pool at the same time as K.A.B., is in a different position than Plaintiff and K.B. According to the Amended Complaint, B.B. not only witnessed his sister's drowning and the failed attempts to save her, but also was himself placed in immediate risk of physical harm by his own near drowning in the pool caused by NCL's failure to have a lifeguard. Taken in the light most favorable to Plaintiff, such allegations of his risk of physical harm are sufficient to state a cause of action for negligent infliction of emotional distress on behalf of B.B. because they place B.B. in the zone of danger.

    NCL argues that B.B. was not in the zone of danger because he was not rendered negligent medical care. NCL maintains that the complaint alleges that the negligence that must be the basis of the negligent infliction of emotional distress claim is the lack of a lifeguard

11

*coupled with* the negligent medical care rendered to K.A.B. and that the harm B.B. suffered is the distress incurred by watching his sister's passing. NCL, however, reads the Amended Complaint too narrowly. The Amended Complaint alleges that the lack of a lifeguard itself was negligent. Thus, to be in the zone of danger, B.B. did not need to seek medical care as argued by NCL. Further, while the Amended Complaint alleged that B.B. suffered distress as a result of watching his sister's death, it also alleges that B.B. suffered distress as a result of his own near-drowning. Taking the allegations in the light most favorable to Plaintiff, Plaintiff's claim for negligent infliction of emotional distress to B.B. sufficiently states a cause of action based on his emotional distress from his own near drowning, only.

The Amended Complaint also alleges that B.B. suffered emotional distress from "seeing, hearing and witnessing the delayed and inadequate medical treatment" K.A.B. received and from witnessing K.A.B.'s death. However, the Amended Complaint does not contain any allegations that B.B. needed or received medical treatment after being pulled from the pool. Thus, B.B. was not in the zone of danger created by any alleged negligence relating to the receipt of medical care. Consequently, the portions of the claim based on witnessing the delay in and receipt of medical care by K.A.B. are dismissed with prejudice. The Court will require Plaintiff to amend this count to remove all of the allegations related to K.A.B.'s medical care and ultimate death because Plaintiff can only recover for B.B.'s emotional distress arising from his own near drowning. Consequently, the motion to dismiss Count X is granted in part and denied in part.

Accordingly, it is hereby

ORDERED THAT:

1. Defendant's Motion to Dismiss Plaintiff's Amended Complaint [DE-24] is

GRANTED in part and DENIED in part:

    a. The allegations about non-pecuniary damages incurred by Plaintiff and her children are STRICKEN from Counts I, II, and III.

    b. Count VI is DISMISSED without prejudice.

    c. Counts IX and XI are DISMISSED with prejudice.

    d. Count X is DISMISSED with prejudice in part. The portion of Count X based on B.B.'s emotional distress arising from witnessing the delayed and inadequate medical care K.A.B. received and from witnessing K.A.B.'s death are DISMISSED with prejudice.

    e. The Motion is DENIED in all other respects

2. Plaintiff shall file a second amended complaint in accordance with this Order by **October 7, 2016.** The Second Amended Complaint, in addition to possibly repleading the intentional infliction of emotional distress count, shall correct the count misnumbering issue noted in footnote 1 and remove all allegations that have been stricken or dismissed by this Order.

DONE AND ORDERED in Miami, Florida, this 29 day of September, 2016.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: All counsel of record